HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WARK ENTERPRISES LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MULTIBANK 2009-1 RES-ADC VENTURE LLC, et al.,<br><br>        Defendants. | CASE NO. C12-5266 RBL<br><br>ORDER ON MOTION TO REOPEN AND ENJOIN SALE<br><br>[DKT. #51] |

THIS MATTER is before the Court on Plaintiff's Emergency Motion to Reopen and reinstate injunction regarding trustee's sale [Dkt. #51]. Plaintiffs ask this Court to reinstate its prior injunction on the pending trustees sale of land over which plaintiff has or had beneficial ownership. The prior injunction ended when this Court dismissed Plaintiff's claim on the merits, based on a statute of limitations defense [Dkt. #46]. Plaintiff timely appealed.

The Defendants now seek to proceed with the trustee's sale notwithstanding the appeal. Plaintiff points out that if the property is sold, its appeal is pointless.

Plaintiff's motion for an injunction is based on the familiar four part test:
To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of

preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Both parties argue the case from this perspective. Defendants argue that because the Court already dismissed the case, Plaintiffs cannot show a likelihood of success on the merits.

Before addressing these arguments, however, there is a threshold issue not addressed in the briefing: whether this court even has jurisdiction over the case given the pending appeal.

After an appeal, a District Court's ability to act on a matter is limited. Fed R. Civ. P. 62.1 provides permits a district court to make indicative rulings subject to a limited remand from the court of appeals:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
>
> **(2)** deny the motion; or
>
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> **(b) Notice to the Court of Appeals.** The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

**(c) Remand.** The district court may decide the motion if the court of appeals remands for that purpose.

*See also* Fed .R. App. P. 12.1.  Thus, unless the Court defers or denies the Motion, its ruling is indicative only and the Court of Appeals must remand the matter for this Court to actually grant the motion.

This Court granted a preliminary injunction in part to preserve the status quo.  Fed .R. App. P. 8[1] addresses staying or enjoining a trial court decision pending appeal.  This Court's dismissal of Plaintiff's action has the practical effect of permitting the sale to proceed.  Plaintiff's Motion is essentially an effort to stay that decision pending appellate review.

In this Court's view, such a stay is appropriate, and Plaintiff's effort to obtain such a stay to preserve the status quo presents a substantial question.  If the Court of appeals remands the matter to this Court for the limited purpose of imposing such a stay, it would grant the Motion.

Defendants argue that if a stay or an injunction is granted, the Plaintiff should be required to post a bond substantially larger than the approximately $12,650 currently on deposit in this Court—it seeks a bond equal to the market value of the property, or at least the monthly accruing interest.  The former position is unsupported and not warranted in this market environment.

Plaintiff argues that under Washington law the amount should be the value of the use of the Property pending the appellate review, and further, that where the property has value it can be used itself to partially secure any loss.

---

[1] Washington's RAP 8.1 is analogous, but not identical.

[DKT. #51] - 3

1   If the Court of appeals remands the matter to this Court, it will issue a stay upon the

2 posting of an additional supersedeas bond in the amount of $12,500.

3   IT IS SO ORDERED.

4   Dated this 28th day of June, 2013.

*Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

[DKT. #51] - 4